IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JIM GANDRUP,                                )
                                            )
            Petitioner,                     )
                                            )
    v.                                      ) Misc. No. 15-38-SLR
                                            )
UNITED STATES OF AMERICA,                   )
INTERNAL REVENUE SERVICE, and               )
JULIETA JOHNSON,                            )
                                            )
            Respondents.                    )

**MEMORANDUM**

At Wilmington this 2nd day of June, 2015, having reviewed the petition filed by Jim Gandrup ("the petitioner") to quash a third-party summons issued by the Internal Revenue Service ("IRS"), as well as the papers filed in connection therewith, the petition to quash (D.I. 1) will be denied for the reasons that follow:

1. **Background.** Petitioner has not filed a federal tax return since 1996. In order to determine petitioner's federal tax liability for tax year 2010, defendant Julieta Johnson, a California-based Revenue Agent with the IRS ("Agent Johnson"), issued an IRS third-party summons to Bank of America for the bank records of Silver Bullet Paving, Inc. (a business believed to be owned by petitioner (D.I. 5, ¶¶ 7, 8)) from December 1, 2009 to January 31, 2011. (D.I. 5, ¶ 2, ex. 8) Petitioner timely filed his petition to quash. (D.I. 1)

2. **Legal standard.** Title 26 of the United States Code section 7601 gives the IRS a mandate to investigate "persons . . . who may be liable" for taxes. To enforce this mandate, the IRS has been given the power to examine records, to issue summonses (to the taxpayer or to a third party), and to take testimony for purposes of (1) ascertaining the correctness of any tax return, (b) making a tax return where none has been made, (c) determining the tax liability of any person, (d) collecting a tax liability, or (e) inquiring into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602. *See Donaldson v. United States*, 400 U.S. 517, 523-524 (1971), *abrogated on other grounds by* 26 U.S.C. § 7609.

3. Once the legality of a summons is questioned, it is the burden of the IRS to demonstrate the following: (a) the summons was issued for a legitimate purpose; (b) the summons sought information that may be relevant to that purpose; (c) the information sought was not already within the possession of the IRS; and (d) all administrative requirements were met. *See United States v. Clarke*, ___ U.S. ___, 134 S. Ct. 2361, 2365 (2014) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). In addition, there must not have been any criminal referrals to the Justice Department regarding the taxpayer. *See* 26 U.S.C. § 7602(d); *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68-69 (3d Cir. 1979); *Godwin v. United States*, 564 F. Supp. 1209, 1213-14 (D. Del. 1983).

4. **Analysis.** The declaration of Agent Johnson satisfies each of the above requirements:

a. **Legitimate purpose.** Agent Johnson issued the summons for the legitimate purpose of determining petitioner's federal tax liability for the year 2010. (D.I. 5, ¶¶ 2, 10) *See* 26 U.S.C. § 7602.

b. **Relevant information.** The bank records sought from Bank of America may be relevant to determining petitioner's tax liability for tax year 2010 by, e.g., revealing 2010 income, the existence of other income-producing assets, or the existence of other bank accounts owned by petitioner that are currently unknown to the IRS. (D.I. 5, ¶ 10) *See United States v. Rockwell Intern.*, 897 F.2d 1255, 1263 (3d Cir. 1990).

c. **Information not in possession of IRS.** According to Agent Johnson's declaration, the requested bank records were not already in the IRS's possession. (D.I. 5, ¶ 11)

d. **Administrative requirements met.** A third-party summons issued by the IRS may be served by certified or registered mail to the last known address of the summoned party. *See* 26 U.S.C. § 7603(b). Agent Johnson complied with the service requirement by sending a copy of the summons via certified mail to Bank of America, N.A., Legal Order Processing, 800 Samoset Drive, DE5-024-02-08, Newark, Delaware, 19713. (D.I. 5, ¶ 8) The IRS is also required to provide notice of such a third-party summons to the taxpayer. *See* 26 U.S.C. § 7609(a). Agent Johnson complied with this notice requirement by contemporaneously sending a copy of the summons to petitioner via certified mail at his last known address, after having attempted via prior notice to contact petitioner about his unpaid taxes. (D.I. 4 at 2-3; D.I. 5, ¶¶ 3-6, 8-9, exs. 1-4, 8-9)

e. **No referral.** No summons may be issued or enforced if (i) the IRS has recommended to the Attorney General either a grand jury investigation or the criminal prosecution of a taxpayer, or (ii) the Department of Justice has requested an individual's tax return information from the IRS pursuant to 26 U.S.C. § 6103(h)(3)(B). *See* 26 U.S.C. § 7602(d)(2). Agent Johnson averred that there was no Justice Department referral in effect with respect to petitioner at the time she mailed the summons and signed the declaration. (D.I. 5, ¶ 13)

5. Because the IRS has met its burden to show that the requirements for a valid summons have been met, the burden shifts to petitioner to show, through particularized factual averments, that the IRS is not acting in good faith or that enforcement of the summons would constitute an abuse of the court's process. *See Garden State*, 607 F.2d at 71; *Godwin*, 564 F. Supp. at 1213. Petitioner has failed to meet his burden through his allegations.

a. **Notice.**[1] Contrary to petitioner's allegation that the IRS failed to provide him with advance notice that contact would be made with third parties, Agent Johnson provided general notice when she mailed petitioner IRS Publication 1 on November 4, 2013 and January 6, 2014, and provided notice of specific contact when she sent him notice of the Bank of America summons. *See* 26 U.S.C. § 7602(c)(1) & (2). (D.I. 5, ¶¶ 4-6, 9, exs. 1-4, 9)

b. **Referral.**[2] There is no evidence that a referral to the Justice Department was pending at any relevant time. (D.I. 5, ¶ 13)

---

[1] *See* D.I. 1, ¶ 8; D.I. 9.
[2] *See* D.I. 1, ¶ 9.

4

c. **Good faith.**[3] Because petitioner has not demonstrated his first two allegations, his allegation that the IRS lacked good faith based on such must also fail.

d. **Violation of privacy laws.**[4] Again, because Agent Johnson met the statutory requirements for issuing a third-party summons, and especially in light of the fact that petitioner failed to identify the privacy laws to which he was generally referring, this final allegation lacks merit.

e. **Legitimate purpose.**[5] Given the fact that petitioner has not filed a tax return since 1996, there is no question but that the summons was issued in aid of the collection of a tax assessment.

6. **Conclusion.** For the reasons stated, the petition to quash is denied. An order shall issue.

_____
United States District Judge

---

[3] See D.I. 1, ¶ 10.
[4] See D.I. 1, ¶ 11.
[5] The court notes that a third-party summons to a bank for records does not violate a taxpayer's Fourth Amendment rights. See United States v. Miller, 425 U.S. 435, 444 (1976).